EXHIBIT 1 – Deed

# The United States of America
## Deed

*(SNPLMA Patent*
*(Transferred ownership to CC)*

N-63306

THIS INDENTURE, made this 30th day of March 1999, between the UNITED STATES OF AMERICA, Acting By and through the Department of the Interior, Bureau of Land Management, Nevada State Office, hereinafter called the Grantor, and County of Clark, a political subdivision of the State of Nevada, hereinafter called the Grantee.

WITNESSETH, That the Grantor, for and in consideration of the disposal of certain land, pursuant to the Section 4(g) of the Southern Nevada Public Land Management Act of 1998, Pub. L. 105-263, 111 Stat. 2343, et seq., does hereby convey, remise, release and forever quitclaim unto the Grantee, and its successors and assigns, forever, all right, title, and interest in the following described land situated in Clark County, Nevada:

Mount Diablo Meridian, Nevada

T. 21 S., R. 61 E.,
   sec. 32, NW¼NE¼NE¼, S½NE¼NE¼, NW¼NE¼, N½SW¼NE¼, N½S½SW¼NE¼, SE¼NE¼.

containing 140 acres; and

NOW KNOW YE, that there is, therefore, granted by the UNITED STATES, unto County of Clark, a political subdivision of the State of Nevada, the lands described above; TO HAVE AND TO HOLD the said land with all the rights, privileges, immunities and appurtenances, of whatsoever nature, thereunto belonging, unto the said County of Clark, a political subdivision of the State of Nevada, and to its successors and assigns, forever; and

Subject to the conditions that (1) County of Clark, a political subdivision of the State of Nevada, shall manage the land in accordance with the Interim Cooperative Management Agreement Between the United States Department of the Interior--Bureau of Land Management and Clark County, dated November 4, 1992, with 49 U.S.C. 47504 and regulations promulgated pursuant thereto; (2) Any lease, sale, or other conveyance by Clark County shall contain a limitation which requires uses compatible with the above-referenced Agreement and such Airport Noise Compatibility Planning provisions; (3) Any sale, lease or other conveyance by Clark County shall be for fair market value and such proceeds shall be

Exhibit 1 -- Page 1 of 4

distributed in accordance with Section 4(g)(4) of the Act [lands conveyed in this deed are identified on the map referenced in the Act of December 23, 1980 (94 Stat. 3381; commonly known as the Santini-Burton Act)]; and (4) Clark County shall provide an annual report to the Bureau of Land Management on all Transactions affecting lands conveyed under this deed.

SUBJECT TO:

1.    Valid existing rights;

2.    Those rights for an aerial powerline granted to Nevada Power Company, its successors or assignees, by right-of-way grant No. Nev-044161, pursuant to the Act of February 15, 1901, as amended (formerly 43 U.S.C. 956), as to the W½NE¼; and

3.    Those rights for a Federal Aid Highway, granted to the State of Nevada, Department of Transportation, its successors or assignees, by right-of-way grant No. Nev-055091, pursuant to the Act of August 27, 1958, (23 U.S.C. 317), as to the NE¼.

THIS CONVEYANCE is made to release all right, title and interest, as acquired by deed recorded September 28, 1960, in Book No. 262, Instrument No. 212564, Clark County, Nevada, of the UNITED STATES OF AMERICA in and to the above-described land, except as hereinbefore stated, in accordance with Section 4(g) of the Southern Nevada Public Land Management Act of 1998,
Pub. L. 105-263, 111 Stat. 2343, et seq.

By accepting this patent, Clark County agrees to be responsible, to the extent provided by law, including, but not limited to, Nevada Revised Statutes, Chapter 41, for any liability arising from or in connection to the real property caused by the actions or inactions of Clark County, its officers, agents and employees or resulting from statutory liability of the property owner. Clark County's responsibility shall include, but not be limited to: (1) Violations of federal, state and local laws and regulations which are now, or may be in the future become applicable to the real local laws and regulations which are now, or may be in the future become applicable to the real property; (2) Releases or threatened releases from the real property on, into, or under land property and other interests of the United States by solid or hazardous substances or wastes, as defined by federal or state law; (3) Natural resource damages as defined by federal or state law; (4) Or other activities by which solid or hazardous substances or wastes, as defined by federal or state law were generated, used, stored, released or otherwise disposed of on the real property, and any clean-up, response or remedial action, or other action related in any manner to said solid or hazardous substances or wastes, arising out of the condition of the real property. It is provided, however, that Clark County shall not be responsible for any liability arising from or in connection to the real property if Clark County can prove that the condition of the real property which is the cause of the liability was in existence prior to the conveyance of ownership to Clark County or that the United States, its officers, agents or employees had knowledge of the condition prior to or at the time the real property was conveyed to Clark County.  Clark County agrees to provide

2

Exhibit 1 -- Page 2 of 4

to the Bureau of Land Management, Las Vegas Field Office, a copy of any report or documentation which is prepared by or on behalf of Clark County which contains evidence that a condition of the real property which has caused liability to arise was in existence prior to the conveyance of ownership to Clark County.  At the time of conveyance of the real property to Clark County, the United States has no knowledge of any condition of the property which would cause Clark County to be liable for any judgements, claims, or fines due to violations of the kind above-described.

In testimony Whereof, the Grantor, by its duly authorized officer has executed this deed and affixed the seal of the Bureau of Land Management hereunto.

Given under my hand at the City of Reno, Nevada, on the thirtieth day of March in the year of our Lord one thousand nine hundred and ninety nine.

*Robert V. Abbey*

Robert V. Abbey
Nevada State Director

STATE OF NEVADA          )
                                        )     ss
COUNTY OF CLARK       )

On this 30th day of March, A.D., 1999, personally appeared before me, a Notary Public, in and for the said County and State, the named Robert V. Abbey, personally known to me to be the same person who executed the foregoing instrument and duly acknowledged that he signed the same as his free and voluntary act and deed for the uses and purposes therein mentioned.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year above written.

*Carol A. McDermott*

Notary Public

My Commission Expires: *Sept. 16 2002*

NV-99-005

Notary Public-State Of Nevada
COUNTY OF CLARK
CAROL A. McDERMOTT
My Appointment Expires
September 16, 2002
No. 94-4995-1

3

Exhibit 1 -- Page 3 of 4

N-63306

MDM, Nevada, T. 21 S., R. 61 E., Section 32

Parcel Nos.   162-32-501-002
              162-32-501-003
              162-32-501-005
              162-32-601-001
              162-32-601-002
              162-32-601-003
              162-32-601-004
              162-32-801-001



**JUDITH A. VANDEVER, CLARK COUNTY RECORDER**
500 SOUTH GRAND CENTRAL PKWY.
LAS VEGAS, NEVADA 89155-1510
(702) 455-4336

04-02-99   16:01   TML
OFFICIAL RECORDS   BOOK: 990402   INST:   01624
FEE:       .00   RPTT:   EX#002
TOTAL:
DEED
RECORDED AT THE REQUEST OF:
CLARK COUNTY

**RECEIPT**

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:
CLARK COUNTY
04-02-99   16:01   TML
BOOK:   990402   INST:   01624   4
FEE:       .00   RPTT:   EX#002
DEED
CONFORMED COPY HAS NOT BEEN COMPARED TO THE ORIGINAL

Exhibit 1 ~ Page 4 of 4