Anthony Schoenberg (*pro hac vice*)
California Bar No. 203714
aschoenberg@fbm.com
David J. Lazerwitz (*pro hac vice*)
California Bar No. 221349
dlazerwitz@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Todd L. Bice, Bar No. 4534
tlb@pisanellibice.com
Robert A. Ryan, Bar No. 12084
rr@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: (702) 214-2100
Facsimile: (702) 214-2101

Attorneys for Defendant
NEVADA LINKS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF CLARK and NEVADA LINKS, INC.,<br><br>　　　　Defendants. | Case No. 2:17-cv-02303-MMD-PAL<br><br>**DEFENDANT NEVADA LINKS, INC.'S MOTION TO DISMISS**<br>(Hearing Requested)<br><br><br>The Hon. Miranda M. Du |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

MOTION TO DISMISS
Case No. 2:17-cv-02303-MMD-PAL

34938\6299592.1

# DEFENDANT NEVADA LINK, INC.'S
# MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Nevada Links, Inc. ("Nevada Links") hereby moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Plaintiff's Complaint must be dismissed as to Nevada Links because it fails to allege the existence of any legal relationship between Plaintiff and Nevada Links such that Plaintiff can maintain a breach of fiduciary duty claim or declaratory judgment claim against Nevada Links. In further support of its motion, Nevada Links incorporates by reference its Memorandum of Law in Support of Nevada Links, Inc.'s Motion to Dismiss and its Request for Judicial Notice in support of same.

Dated:  November 6, 2017         FARELLA BRAUN + MARTEL LLP

                                 By:    /s/ Anthony P. Schoenberg
                                        Anthony P. Schoenberg

                                 Attorneys for Defendant Nevada Links, Inc.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

MOTION TO DISMISS
Case No. 2:17-cv-02303-MMD-PAL

1

34938\6299592.1

## DEFENDANT NEVADA LINK, INC.'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Nevada Links, Inc. ("Nevada Links") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint ("Complaint") for failure to state a claim upon which relief can be granted.

## I. INTRODUCTION

Plaintiff United States of America ("Plaintiff" or the "United States") presents a vague and puzzling breach of fiduciary duty claim against Nevada Links, a private corporation with no legal relationship to the Plaintiff. Presumably dissatisfied with the returns from its decades-old disposition of federal lands to local governments in Nevada pursuant to the Southern Nevada Public Land Management Act, Public Law No. 105-263, Stat. 2343 (1998) ("SNPLMA" or "the Act"), Plaintiff filed this action alleging several causes of action against the County of Clark ("Clark County" or the "County") under the Act and its implementing agreements. However, rather than stop with Clark County to which it disposed of the relevant lands under the Act, Plaintiff seeks to extend its reach to Nevada Links, a private third party that subsequently contracted to lease a small portion of the lands from Clark County and has no statutory or contractual relationship to Plaintiff. Even taking Plaintiff's factual allegations as true, Plaintiff's allegations fail as a matter of law to establish that a fiduciary relationship or duty exists between the Plaintiff and the County, let alone between Plaintiff and Nevada Links. Plaintiff has also not pled facts establishing that Nevada Links knew or should have known about the County's alleged breach of fiduciary duty, which is a necessary element of its claim. In short, nothing in the Complaint can sustain any cause of action against Nevada Links.

## II. FACTUAL BACKGROUND[1]

The foundation of Plaintiff's lawsuit is predicated on the SNPLMA, a federal statute and

---

[1] Because this is a motion under Rule 12(b)(6), the factual background herein consists of the facts as alleged in the Complaint. Nevada Links does not by this factual statement adopt or ratify the facts as alleged in the Complaint.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

MOTION TO DISMISS
Case No. 2:17-cv-02303-MMD-PAL

2

34938\6299592.1

1  its related implementing agreements through which the United States disposed of approximately
2  5,000 acres of federal lands previously managed by the Bureau of Land Management ("BLM") in
3  Nevada to Clark County and other local governments.  Complaint ("Compl.") at ¶¶ 9-12.
4  According to the Complaint, the SNPLMA imposes certain requirements on the County, namely to
5  convey lands transferred under the Act for fair market value. *Id.* at ¶ 13.  Among other things,
6  Plaintiff stood to benefit because 85 percent of the value ultimately received by the County
7  through the County's subsequent sale, lease or other conveyance of the former federal lands would
8  be remitted by the County to the Plaintiff. *Id.* at ¶ 14.[2]

9  Following a public request for proposal issued by Clark County for a golf course
10 development,[3] the County and Nevada Links entered into a bilateral contractual lease ("the
11 Lease") for approximately 154 acres of land, 91 acres of which consisted of lands previously
12 transferred by Plaintiff to the County by deed  ("the Deed") under the SNPLMA. Compl. at ¶ 25.
13 The Lease as executed by Nevada Links and the County in 1999 provided for a 50-year term and
14 rent payments based on a percentage of net revenue. *Id.* at ¶ 26.  The County and Nevada Links
15 periodically amended the lease, including an amendment in 2002 granting a renewal option for an
16 additional 49-year term. *Id.* at ¶ 28.  Nevada Links was obliged to pay 40 percent of  its total
17 revenue (less approved budget expenses, capital improvements expenditures, a management fee,
18 debt service, and a reserve for maintenance and operations) over the potentially 99-year term of
19 the lease. *Id.* at ¶ 26.

20 In 2011, during the pendency of the first 50-year term, Nevada Links and the County
21 executed a further amendment to the lease ("the Fourth Amendment"), proposing to modify the
22 payment terms to include a fixed payment of $100,000 per year. *Id.* at ¶¶ 29, 31; Ex. 3 at § 1.6.2.
23 The Fourth Amendment contained several conditions precedent to its taking effect, including a
24 provision that the County would seek to obtain express written approval of the Fourth Amendment

---

[2]  These same obligations were recited in the Deed conveying the disputed property to the County in 1999 (*see id.* at ¶¶ 18-21) and the Memorandum of Agreement between the County and the Bureau of Land Management in 2004 (*see id.* at ¶¶ 22-24).

[3]  Request for Judicial Notice in Support of Nevada Links, Inc.'s Motion to Dismiss ("RJN"), Exhibit 1 at 1.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

MOTION TO DISMISS
Case No. 2:17-cv-02303-MMD-PAL

3

34938\6299592.1

from the Bureau of Land Management; however, it also stated that Nevada Links "understands and agrees that nothing herein obligates County to receive such approval" from the BLM. *Id.*, Ex. 3 at § 1.2.2.

In 2013, two years after the County and Nevada Links executed the Fourth Amendment, the BLM obtained a post hoc appraisal of the County property leased to Nevada Links. *Id.* at ¶ 39. On the basis of this post hoc appraisal, Plaintiff asserts, among other things, that the County breached a fiduciary duty to Plaintiff, and Nevada Links should be held jointly liable for restitution and disgorgement of any profits it made or costs it avoided by entering into the Fourth Amendment and/or for all lost rent proceeds resulting from the Fourth Amendment. *Id.* at ¶¶ 57, 63.

As explained in more detail below, Plaintiff's claims against Nevada Links are facially deficient, as Plaintiff has not pled facts sufficient to hold Nevada Links liable under a fiduciary duty theory.

## III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 8(a)(2). Although detailed factual allegations are not required, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must state a facially plausible claim, which requires that "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). As such, courts conduct a two-part analysis on a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but *may disregard any legal conclusions*. . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." . . . In other words, a complaint must do more than

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

MOTION TO DISMISS
Case No. 2:17-cv-02303-MMD-PAL

4

34938\6299592.1

allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (citations omitted) (emphasis added).

## IV. PLAINTIFF'S COMPLAINT DOES NOT AND CANNOT STATE ANY VALID CLAIM AGAINST NEVADA LINKS BECAUSE ITS ALLEGATIONS CONFIRM THAT THERE IS NO FIDUCIARY RELATIONSHIP BETWEEN PLAINTIFF AND NEVADA LINKS.

Plaintiff's claims against Nevada Links are premised on the tenuous theory that the land in question was conveyed in trust to the County for Plaintiff's benefit and that the County breached its alleged fiduciary duty to Plaintiff (as purported trustee of the land) by leasing the land to Nevada Links for $100,000 annually.[4] Plaintiff asserts that Nevada Links is liable for the County's alleged breach of fiduciary duty because it "should have known, and in fact knew, of the County's breach of its fiduciary duties as trustee." *Id.* ¶ 62.

As discussed below, the facts alleged are facially inadequate to support Plaintiff's trust theory. Moreover, Plaintiff has failed to plead facts supporting its conclusory allegation that Nevada Links knew or should have known of any alleged breach of trust by the County, which is a necessary element of a claim against a third-party transferee of trust property. Accordingly, Plaintiff's claims against Nevada Links fail as a matter of law.

### A. Plaintiff Has Failed To Plead Facts Establishing The Existence Of A Trust.

#### 1. The Act And Deed Do Not Contain An Enumeration Of Duties Sufficient To Create A Trust Relationship.

In analyzing whether land conveyed by the United States to a State creates a trust, courts have explained the standard as follows: "A trust is created when a settlor conveys property to a trustee with a manifest intent to impose a fiduciary duty on that person requiring that the property

---

[4] Plaintiff alleges that "[t]he Act and the Deed manifest the United States' intent to create a trust under which the County had a duty, as trustee, to deal with the Section 4(g) Land for the benefit of the United States." Compl. ¶¶ 54 . Plaintiff further alleges that the County " breached its fiduciary duties to the United States by failing to determine the fair market value of the Lease before it entered into the Fourth Amendment, and by failing to lease Section 4(g) land to Nevada Links at a fair market rent." Compl. ¶¶ 54 and 56.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

MOTION TO DISMISS
Case No. 2:17-cv-02303-MMD-PAL

5

34938\6299592.1

be used for a specific benefit of others." *Branson Sch. Dist. RE–82 v. Romer*, 161 F.3d 619, 633 (10th Cir.1998). More specifically, a trust is created *only* if "the relevant statutory provision contains 'an enumeration of duties' which would justify a conclusion that Congress has intended to create a trust relationship." *District 22 United Mine Workers of Am. v. Utah*, 229 F.3d 982, 989 (10th Cir. 2000) ("*District 22*") (citation omitted). Thus, it is not simply a question of whether the statute expressly states that a trust is created. *Id.* Rather, the language of the statute must reflect that Congress, in enacting the law, "manifest[ed] . . . an intent to create a fiduciary relationship." *Id.*

In the instant case, neither the Act nor the Deed manifest such an intent. A simple reading of both the Act and the Deed show the absence of any express language to indicate that the transferred lands would be held in trust. More importantly, neither the Act nor the Deed contains an enumeration of duties that would support a conclusion that Congress intended to create a trust or fiduciary relationship. Instead, the Act and Deed merely obligate the County to seek fair market value and distribute a portion of the proceeds to the Plaintiff.[5] Compl. at ¶¶ 13, 21, 24; Ex. 1 at 1-2.

In contrast to the generic reference to fair market value and allocation of proceeds under the Act, the court in *Branson* found that the Colorado Enabling Act's grant of land for the support of common schools contained "determinative evidence of Congress's intent to create a trust" where the statute "prescribed (1) how the school lands are to be disposed, (2) at what minimum price, (3) how the income from these sales is to be held, (4) what may be done with the interest on that capital holding, and (5) Congress has provided for the permanence of the benefit of these assets for the common schools." *Branson*, 161 F.3d at 634. Here, however, the Act and the Deed enumerate no comparable duties with regard to the Section 4(g) lands. Accordingly, Plaintiff cannot state a claim based on the alleged creation of a trust. *See District 22*, 229 F.3d at 990 (no trust created by Utah Enabling Act because it did not "direct and restrict the legislature as to the

---

[5] The Act and Deed otherwise simply reaffirm already-existing obligations to manage the lands consistent with the 1992 Interim Cooperative Management Agreement Between the United States Department of the Interior-Bureau of Land Management and Clark County and Airport Noise Compatibility Planning provisions. *See* Act § 4(g)(2) and (3); Compl., Ex. 1 at 1-2.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

MOTION TO DISMISS
Case No. 2:17-cv-02303-MMD-PAL

6

34938\6299592.1

manner in which it may dispose of the Lands and proceeds therefrom").

### 2. The Act And Deed Do Not Create A Trust Because They Do Not Require That The Land Be Used For A Specific Benefit Of Others.

For a federal land grant statute to create a trust, it must "manifest [an] intent to impose a fiduciary duty on [the transferee] requiring that the property be used *for a specific benefit of others*." *Branson*, 161 F.3d at 633 (emphasis added). In cases where trusts have been found to exist, the land grant statutes do just that—they grant land to a State to be used for a specific purpose to benefit other constituencies within the State. For example, in *Branson*, the land grant statute conveyed land to Colorado for the support of common (*i.e.,* public) schools. *See also Lassen v. Arizona ex rel. Ariz. Highway Dep't*, 385 U.S. 458, 460-461 (1967) (trust created for the benefit of Arizona's common schools under the New Mexico-Arizona Enabling Act); *United States v. Ervien*, 246 F. 277 (8th Cir. 1917) (trust created in New Mexico enabling act for specific purposes).[6]

Section 4(g) of the Act, however, does not remotely resemble the land grant statutes that have been found to establish trusts. Unlike those statutes, which grant land for specific purposes such as the creation of public schools, Section 4(g) does not manifest an intent to create a "specific benefit of others." Rather, the stated purpose of the Act is to allow Plaintiff to buy and sell certain lands within the State of Nevada,[7] and Section 4(g) simply provides a funding mechanism for the land purchases. This is not the type of statutory conveyance that manifests an intent to create a fiduciary duty "requiring that the property be used for a specific benefit of others."

---

[6] Even in those cases where courts ultimately concluded that a land grant statute did not create a trust, the statutes still conveyed land for some specific purpose to benefit some third party constituency. *See, e.g., District 22*, 229 F.3d at 989 (Utah Enabling Act did not create trust where it granted land for a hospital for disabled miners); *Alabama v. Schmidt*, 232 U.S. 168 (1914) (land grant for schools did not create trust obligations); *Cooper v. Roberts*, 59 U.S. 173 (1855) (same).

[7] Indeed, the purpose of the Act is stated thus: "The purpose of this Act is to provide for the orderly disposal of certain Federal lands in Clark County, Nevada, and to provide for the acquisition of environmentally sensitive lands in the State of Nevada." Public Law 105-263, 112 Stat. 2343.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

MOTION TO DISMISS
Case No. 2:17-cv-02303-MMD-PAL

7

34938\6299592.1

B. **Plaintiff Has Failed To Plead Facts Establishing Nevada Links' Liability As A Transferee.**

Even if the Complaint had adequately alleged the existence of a trust, the facts alleged fail as a matter of law to support liability against Nevada Links as transferee of the land under a trust theory of liability. In order to hold the transferee of a trust asset liable for a breach committed by a fiduciary, the beneficiary must demonstrate that the transferee had actual or constructive knowledge of the circumstances that rendered the transaction unlawful. "Only a transferee of ill-gotten trust assets may be held liable, and then only when the transferee (assuming he has purchased for value) knew or should have known of the existence of the trust and the circumstances that rendered the transfer in breach of the trust. Translated to the instant context, the transferee must be demonstrated to have had actual or constructive knowledge of the circumstances that rendered the transaction unlawful." *Harris Tr. and Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 251 (2000).

Plaintiff must surmount a high bar to hold Nevada Links liable as a transferee, and the allegations as pled fall far short of the required standard. The *Seminole Nation* case is illustrative of this high bar. There, the Supreme Court found that a third-party participant knew or should have known of a breach when the participant had reports that "show[ed] conclusively that the [fiduciaries] were notoriously and incurably corrupt, that every branch of the service was infested with favoritism, graft and crookedness, and that by such methods the [fiduciaries] acquired large fortunes" at the expense of the beneficiaries. *Seminole Nation v. U.S.*, 316 United States 286, 295-96 (1942). Similarly, when trustees breached their duty to manage trust assets with care by making a loan to financially unstable borrowers, this Court held the borrowers liable as knowing participants when the borrowers knew, among other things, that (1) they were financially unstable, (2) they had applied prior loans for purposes unrelated to their businesses, (3) the securing collateral was insufficient to complete repayment, (4) they had provided material misrepresentations to the trustees, and (5) the assumptions on which the loan relied were materially incorrect. *Donovan v. Schmoutey*, 592 F. Supp. 1361, 1398-99 (D. Nev. 1984).

In contrast, courts have not hesitated to dismiss claims at the pleading stage where "the

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

MOTION TO DISMISS
Case No. 2:17-cv-02303-MMD-PAL

8

34938\6299592.1

most that can be said from the allegations is that the Corporate Defendants knew that they got a good deal on [property] when doing business with the [fiduciaries]." *Begay v. Public Serv. Co. of N.M.*, 710 F. Supp. 2d 1161, 1209 (D.N.M. 2010). Indeed, *Begay* is on point and fatal to Plaintiff's claim. In *Begay*, the plaintiffs were members of the Navajo Nation who claimed that the Secretary of the Department of the Interior's Bureau of Indian Affairs had breached his fiduciary duties to them by granting right-of-ways over their land without obtaining fair market value as required by statute. *Id.* at 1176. Plaintiffs named as defendants various corporations that had purchased the right-of-ways, claiming that those corporate defendants were liable for the United States' breach of trust in failing to obtain fair market value. *Id.* As in the instant case, the complaint contained conclusory allegations that the corporations had knowledge of the alleged breach of trust. *Id.* at 1207. The court rejected the claims and granted the defendants' motion to dismiss. *Id.* at 1206-1211. The court found under *Twombly* and *Iqbal* that plaintiffs' conclusory assertion that the corporate defendants had knowledge of the alleged breaches did not meet the requisite standard, finding such allegations to be nothing more than the "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 1207. Furthermore, the court contrasted the *Seminole Nation* case, which involved an "extreme situation" of corruption and an unquestionable fiduciary relationship between the United States and the Seminole Nation, with the benign situation of corporate defendants that were merely parties to contracts.[8] As the court stated:

> The Corporate Defendants have no fiduciary duties directly to the Plaintiffs; rather, each Corporate Defendant " is nothing more than a mere contracting party. Instead, the Corporate Defendants" have fiduciary duties to their shareholders to get the best deal they legally can.

*Id.* at 1210 (citation omitted).

Like the corporate defendants in *Begay*, Nevada Links is a corporation that owes fiduciary duties to its shareholders, not to the County and certainly not to Plaintiff. Nevada Links, thus, is

---

[8] The court also distinguished the *Seminole Nation* case because it was based, in part, on the "distinctive obligations of trust incumbent on the Government" in dealings with American Indian tribes. *Id.* at 1210.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

MOTION TO DISMISS
Case No. 2:17-cv-02303-MMD-PAL

9

34938\6299592.1

"nothing more than a mere contracting party." Notably, the original profit participation lease in 1999 was the product of a public bid process. RJN, Ex. 1; *see* Compl. at ¶¶ 25, 26. Over a decade into the 50-year lease, the County and Nevada Links renegotiated the rent to a fixed annual rate subject to certain conditions precedent including a change in zoning for the property. *Id.* at ¶ 31. Yet, from those facts, Plaintiff jumps to the bald allegation that Nevada Links knew or should have known that the County had breached its alleged fiduciary duty to Plaintiff because the prospective fixed rental rate is allegedly below fair market value. *Id.* at ¶ 62. This is a threadbare conclusion for which Plaintiff has provided no factual support, and it is, therefore, insufficient to state a claim. *See Fowler*, 578 F.3d at 210–11.

Tellingly, Plaintiff attempts to demonstrate the County's alleged breach by referencing an appraisal conducted in 2013, two years *after* Nevada Links and the County executed the Fourth Amendment in 2011. *Id.* at ¶ 39. Plaintiff does not and cannot allege that Nevada Links had knowledge of this appraisal at the time it entered into the Fourth Amendment because it occurred after the Fourth Amendment was negotiated and executed. And Plaintiff has failed to allege any other facts demonstrating that Nevada Links had any knowledge, actual or constructive, of the alleged trust or its alleged breach. Accordingly, Plaintiff cannot state a claim based on knowing participation, and Plaintiff's claims against Nevada Links must therefore be dismissed.

### C. General Fiduciary Duty Principles Also Show That Plaintiff's Claim Fails On Its Face.

Examined under general fiduciary duty principles, Plaintiff's claim also fails as a matter of law. "A breach of fiduciary duty claim seeks damages for injuries that result from the tortious conduct of one who owes a duty to another by virtue of the fiduciary relationship." *Takiguchi v. MRI Int'l, Inc.*, 47 F. Supp. 3d 1100, 1120 (D. Nev. 2014) (quoting *Stalk v. Mushkin*, 199 P.3d 838, 843 (Nev. 2009)). A "fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *Id.* To prevail on a breach of fiduciary duty claim, the plaintiff must establish: "(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) the breach proximately caused the damages." *Id.* (quoting *Klein v. Freedom Strategic Partners, LLC*, 595 F. Supp. 2d 1152,

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

MOTION TO DISMISS
Case No. 2:17-cv-02303-MMD-PAL

10

34938\6299592.1

1162 (D. Nev. 2009)).

Plaintiff has not alleged any facts giving rise to a fiduciary relationship between Nevada Links and Plaintiff. Nevada Links was under no duty to act or give advice for the benefit of Plaintiff. Nevada Links is not an entity subject to the Act nor did it have a direct relationship with the Plaintiff. Instead, Nevada Links acted as a market participant, entering into a lease with the County following a public request for proposal. RJN, Ex. 1 at 1. Because Plaintiff has failed to plead facts establishing a fiduciary relationship, Plaintiff cannot sustain a claim for breach of fiduciary duty and the claims against Nevada Links must be dismissed.

### D. Plaintiff's Claim For Declaratory Relief Must Be Dismissed Because There Is No Actual Controversy.

Because Plaintiff's claim for breach of fiduciary duty fails against Nevada Links, Plaintiff's claim for declaratory judgment as to Nevada Links also fails. Indeed, the Declaratory Judgment Act merely provides a remedy— "it does not provide an additional cause of action with respect to the underlying claim." *Harris County Texas v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015). Rather, there must be an actual controversy between the parties in order for a plaintiff to bring a claim for declaratory relief. *See Earnest v. Lowentritt*, 690 F.2d 1198, 1203 (5th Cir. 1982). Thus, where a plaintiff's substantive claims against a defendant have all been dismissed, any remaining claim for declaratory relief necessarily must be dismissed as well. *Id.* (dismissing declaratory relief claim because it was "tied to no other cause of action" once all other claims had been dismissed).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

MOTION TO DISMISS
Case No. 2:17-cv-02303-MMD-PAL

11

34938\6299592.1

## V. CONCLUSION

Plaintiff fails to plead facts sufficient to support a fiduciary duty claim against Nevada Links. Moreover, Plaintiff has not pled facts sufficient to support a theory that Nevada Links knew or should have known of an alleged breach of trust. All Plaintiff has demonstrated is that Nevada Links is a party to a lease acquired through a public Request for Proposal, which is insufficient as a matter of law to support a claim against Nevada Links. For the foregoing reasons, the Court should dismiss Plaintiff's Complaint with prejudice as to Nevada Links.

Dated: November 6, 2017        FARELLA BRAUN + MARTEL LLP

By:    /s/ Anthony P. Schoenberg
          Anthony P. Schoenberg
Attorneys for Defendant Nevada Links, Inc.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

MOTION TO DISMISS
Case No. 2:17-cv-02303-MMD-PAL

12

34938\6299592.1

# CERTIFICATE OF SERVICE

*United States of America vs. County of Clark and Nevada Links, Inc.*
2:17-cv-02303-MMD-PAL

I hereby certify that on this 6th day of November, 2017, a true and correct copy of **Defendant Nevada Links, Inc.'s Motion to Dismiss** was electronically served through the United States District Court's CM/ECF system to the attorney(s) associated with this case.

By /s/ Alison Brown
Alison Brown, an Employee of
FARELLA BRAUN + MARTEL LLP

34938\6300070.1