CHAD A. READLER
Acting Assistant Attorney General

STEVEN W. MYHRE
Acting United States Attorney
District of Nevada

TROY K. FLAKE
Assistant United States Attorney
501 Las Vegas Boulevard, South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
E-mail: *troy.flake@usdoj.gov*

RUTH A. HARVEY
MICHAEL J. QUINN
JOHN R. KRESSE
DAVID H. DeCELLES
U.S. Department of Justice, Civil Division
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044-0875
Telephone:  (202) 616-2238
E-mail: *john.kresse@usdoj.gov*

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No: 2:17-cv-02303-MMD-PAL |
| Plaintiff, | ) | |
| v. | ) | **PROPOSED JOINT DISCOVERY PLAN AND SCHEDULING ORDER** |
| COUNTY OF CLARK and NEVADA LINKS, INC., | ) | **SPECIAL SCHEDULING REVIEW REQUESTED IN COMPLIANCE WITH LOCAL RULE 26-1(b)** |
| Defendants. | ) | |

In compliance with Federal Rule of Civil Procedure ("FRCP") 26 and Local Rule 26-1(a), the parties submit the following proposed Discovery Plan and Scheduling Order.

1

**1. Initial matters:**

A. <u>Meeting</u>:  In accord with FRCP 26(f), the parties conferred telephonically on October 25 and November 8, 2017.  John R. Kresse and David H. DeCelles represented plaintiff United States.  Jonathan G. Hardin and Timothy Baldwin represented defendant County of Clark ("County").  David J. Lazerwitz and Anthony P. Schoenberg represented defendant Nevada Links, Inc. ("Nevada Links").

Defendant County appeared on September 29, 2017, by filing its answer, and filed an amended answer on October 19, 2017.  Defendant Nevada Links appeared on November 6, 2017, by filing a motion to dismiss the claims against it.  As explained below, the parties are requesting special scheduling review to allow 280 days for discovery from the date of Clark County's original answer.

B. <u>Initial disclosures</u>:  In accord with FRCP 26(a)(1), the parties anticipate serving initial disclosures on December 13, 2017.

**2. Areas of potential discovery:**

A.  All lease negotiations and agreements between County and Nevada Links, and any communications involving BLM concerning the same.

B.  The October 2004 Memorandum of Agreement between the County and BLM.

C.  Terms considered by County and Nevada Links for inclusion in Fourth Amendment.

D.  Payment of rent by Nevada Links to Clark County on the leased property.

E.  Payments by the County to BLM in connection with the lease between the County and Nevada Links.

F.  Communications within, by, or among Nevada Links, County, and/or BLM regarding the Fourth Amendment.

G.  The valuation of property subject to the Fourth Amendment and applicable rental formulas.

H.  Damages claimed by the United States for alleged underpaid rent.

I.  Performance of the conditions precedent to the Fourth Amendment.

J.  The creation and existence of any trust alleged in the complaint.

K. The factual basis for any fiduciary duty alleged in the complaint.

**3. Proposed discovery plan:**

A. <u>Special scheduling review</u>:  Special scheduling review is requested because the parties are seeking 280 days to complete discovery.  The parties agree that the requested time for discovery is reasonable and necessary for the following reasons:  the number of parties; a potentially large number of depositions; travel time needed for counsel (located outside of Nevada) to travel to depositions; the over 18 years of leasing and rental relationships among the parties that may be relevant in discovery; and existing and anticipated scheduling conflicts of the parties' counsel.  Further, because the United States requested that Nevada Links waive service as permitted by FRCP 4(d) and Nevada Links agreed to waive service as requested, Nevada Links timely filed its response to the complaint 38 days after Clark County (which, as a governmental entity, is not permitted to waive service under FRCP 4(d)), which delayed the commencement of discovery.

The parties are also planning phased discovery to facilitate preparation and examination of expert witnesses.  The first phase is fact discovery, ending after 210 days on **April 27, 2018**, fourteen days before the parties' affirmative case expert disclosures are due on **May 11, 2018**, thus allowing expert reports to be informed by completed fact discovery.

Nevada Links has moved to dismiss the complaint and requested that the other parties agree to a temporary stay of discovery as to Nevada Links to give the Court time to rule on the motion before the parties devote significant time and resources to discovery as to Nevada Links.  Accordingly, the parties have agreed that: (1) for any discovery request served on Nevada Links before December 27, 2017, the discovery request will be treated as though it was served on Nevada Links on December 27, 2017 for purposes of determining the date by which Nevada Links must respond to the discovery request; (2) no deposition of Nevada Links may occur before January 12, 2018.

Expert disclosures and discovery comprises the second phase and would end 70 days later, on **July 6, 2018**.  All parties' affirmative case experts would be required to serve their expert disclosures by **May 11, 2018**.  Any rebuttal experts who may be offered solely to

challenge or contradict any affirmative expert opinion must produce their rebuttal disclosures by **June 8, 2018**. All expert depositions shall be completed by **July 6, 2018**. Additional fact discovery would be permitted only upon a showing of good cause.

    B. <u>Deadlines</u>:

| | | |
|---|---|---|
| 1) | Discovery cut-off | July 6, 2018 (Friday) |
| | a) Fact discovery completion | April 27, 2018 (Friday) |
| | b) Expert discovery completion | July 6, 2018 (Friday) |
| 2) | Amending Pleadings/Adding Parties | February 26, 2018 (Monday) |
| 3) | Interim Status Report | May 7, 2018 (Monday) |
| 4) | Dispositive Motions | August 6, 2018 (Monday) |
| 5) | Pre-Trial Order | September 5, 2018 (Wednesday) |

4. **Inadvertent disclosure:** The parties intend to negotiate a stipulated protective order that will address the production of privileged material.

5. **Alternative Dispute Resolution (ADR):** The parties are considering ADR, but believe that some discovery must be completed before mediation would be beneficial.

6. **Short Trial Program:** The parties have considered the Short Trial Program, but do not anticipate consenting to it.

7. **Trial by magistrate judge:** The parties do not consent to trial by the magistrate judge.

s/ John R. Kresse
John R. Kresse
UNITED STATES DEPARTMENT OF JUSTICE
1100 L Street NW, Room 10100
Washington, DC 20005
(202) 616-2238
*Attorney for Plaintiff United States*

s/ Jonathan G. Hardin       s/ David J. Lazerwitz
Jonathan G. Hardin, *pro hac vice*      David J. Lazerwitz, *pro hac vice*
PERKINS COIE LLP      FARELLA BRAUN & MARTEL LLP
700 13th Street N.W., Suite 600      Russ Bldg., 235 Montgomery St., 17th Floor
Washington, DC 20005      San Francisco, CA 94104
(202) 654-6297      (415) 954-4980
*Attorney for Defendant County of Clark*      *Attorney for Defendant Nevada Links, Inc.*

**SCHEDULING ORDER:**

The Court having reviewed the proposed discovery plan submitted by the parties, it is hereby ordered that the plan is <u>approved</u>. The dates proposed in paragraph 3(B) of the discovery plan set forth above shall govern the discovery in this case.

**IT IS FURTHER ORDERED** that Nevada Links, Inc.'s oral motion at the hearing on 12/12/2017 for stay of discovery pending ruling on the motion to dismiss is **DENIED.**

Dated: December 12, 2017

_____
**Peggy A. Leen**
**United States Magistrate Judge**

5

**CERTIFICATE OF SERVICE**

In compliance with the Court's Local Rule 5-1, the undersigned certifies that on November 13, 2017, a copy of the foregoing document, "PROPOSED JOINT DISCOVERY PLAN AND SCHEDULING ORDER," was served (via the Court's CM/ECF system) upon counsel of record for defendants.

s/ John R. Kresse<br>
John R. Kresse<br>
Attorney for the United States