CHAD A. READLER
Acting Assistant Attorney General

STEVEN W. MYHRE
Acting United States Attorney
District of Nevada

TROY K. FLAKE
Assistant United States Attorney
501 Las Vegas Boulevard, South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
E-mail: *troy.flake@usdoj.gov*

RUTH A. HARVEY
MICHAEL J. QUINN
JOHN R. KRESSE
DAVID H. DeCELLES
CATHY J. BURDETTE
I-HENG HSU
U.S. Department of Justice, Civil Division
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044-0875
Telephone:  (202) 616-2238
E-mail: *john.kresse@usdoj.gov*

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 2:17-cv-02303-MMD-PAL |
| Plaintiff, | |
| v. | **JOINT MOTION FOR ENTRY OF ORDER PROTECTING CONFIDENTIAL INFORMATION** |
| COUNTY OF CLARK and NEVADA LINKS, INC., | |
| Defendants. | |

The parties are engaged in discovery in this matter and have determined that discovery may result in the disclosure of privileged, confidential, proprietary, business, financial, or otherwise sensitive information.  By this joint motion, the parties respectfully request that the

1

Court enter the following order to facilitate discovery and protect the parties' confidential information.

s/ John R. Kresse
John R. Kresse
UNITED STATES DEPARTMENT OF JUSTICE
1100 L Street NW, Room 10100
Washington, DC 20005
(202) 616-2238
*Attorney for Plaintiff United States*

s/ Jonathan G. Hardin
Jonathan G. Hardin, *pro hac vice*
PERKINS COIE LLP
700 13th Street N.W., Suite 600
Washington, DC 20005
(202) 654-6297
*Attorney for Defendant County of Clark*

s/ David J. Lazerwitz
David J. Lazerwitz, *pro hac vice*
FARELLA BRAUN & MARTEL LLP
Russ Bldg., 235 Montgomery St., 17th Floor
San Francisco, CA 94104
(415) 954-4980
*Attorney for Defendant Nevada Links, Inc.*

Whereas, plaintiff United States of America ("United States") and defendants County of Clark ("County") and Nevada Links, Inc. ("Nevada Links") (collectively, "the Parties" and each, a "Party") have determined that discovery may result in the disclosure of privileged, confidential, proprietary, business, financial, or otherwise sensitive information.

Whereas, to protect the legitimate concerns of the Parties, as well as any third parties required to respond to discovery in this matter, which may arise out of any such information that may be made available during discovery, the Parties jointly requested that the Court enter the following order (the "Confidentiality Order") in accord with Rule 26(b)(5) and 26(c) of the Federal Rules of Civil Procedure.

Accordingly, IT IS ORDERED that the Parties' Joint Motion for Entry of Order Protecting Confidential Information is granted, and that the following procedures control discovery in this litigation regarding privileged, confidential, proprietary, business, financial, or otherwise sensitive information:

1. The Parties have agreed, with reliance on Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502, to entry of this Confidentiality Order to preserve the confidentiality of certain information that may be disclosed in discovery in this case and to protect against the inadvertent disclosure of documents or information subject to a claim of privilege by any Party.

2. This Confidentiality Order governs all documents and information produced by each Party in this case: the County, Nevada Links, and the United States.

The Parties recognize that documents and information provided in discovery in this case may contain sensitive financial or commercial information, trade secrets, and/or other private information protected against disclosure, either by contract or by law, including but not limited to the Privacy Act, 5 U.S.C. § 552a, and the Trade Secrets Act, 18 U.S.C. § 1905.

3. Definitions:

A. "Confidential Information" means any documents; information contained within any documents; and any other information, written or oral, provided in discovery and designated as "confidential" by the Designating Party. Confidential Information does not include any

3

information, document, or thing (or information derived therefrom) that: (1) at the time of or after disclosure is available to or known to the public or that is required by law to be disclosed; or (2) when a Party releases a claim of confidentiality or otherwise gives permission to use Confidential Information in any public or unrestricted manner. A Party waives its claim to confidentiality of any information that the Party files with the Court as unsealed matter.

    B. "Designating Party" means the Party (or a non-Party participating in this action) that designates material as "confidential" in accord with this Order.

    C. "Privileged Matter" means documents or information protected from disclosure by the attorney-client privilege, work product doctrine, deliberative process privilege, or any other immunity from discovery.

    D. "Producing Party" means the Party (or non-Party participating in this action) that produces or otherwise discloses Confidential Information or Privileged Matter.

    E. "Receiving Party" means the Parties to this action (or non-parties participating in this action) receiving Confidential Information or Privileged Matter.

4. To claim Confidential Information, the Designating Party or its counsel must clearly mark each page of a document "CONFIDENTIAL" when produced in paper form and, for any documents produced in PDF or any other electronic file format, must digitally tag or flag pages as "CONFIDENTIAL" in a manner agreeable to the Parties.

5. An inadvertent failure by a Producing Party to designate any material as Confidential Information does not waive any claim of confidentiality. If a Party inadvertently fails to designate any material as Confidential Information, that material will still be treated as Confidential Information if the Producing Party notifies the other Parties in writing, as soon as practicable, designating the material as Confidential Information. Upon receipt of such written notice, the Receiving Parties must treat the designated material as Confidential Information and must stamp or mark it accordingly, or, if provided correctly designated copies of the material, destroy the undesignated material or return it to the Producing Party. The Parties will not be

1  responsible for any disclosure of the undesignated material before receipt of such written notice,
2  provided such use or disclosure of the material was proper at the time.

3      6. Any deposition testimony in this case will be treated as "Confidential Information" 21
4  calendar days after delivery of the deposition transcript to the Designating Party. The testimony
5  will be deemed to contain no Confidential Information unless the Designating Party identifies
6  by page and line any Confidential Information claimed in the transcript before the expiration of
7  the 21 calendar days.

8      7. "Confidential Information" disclosed to a Receiving Party or its counsel in the case:
9  (a) may be used by a Receiving Party and counsel only for the purposes of this case; (b) may
10 not be published to the public in any form by any Receiving Party or counsel, or used by a
11 Receiving Party for any business or commercial purpose; and (c) may be disclosed only to the
12 following persons:

    (i) Counsel of record for a Party (including any other attorneys employed by a Party).

    (ii) Secretarial, clerical, or paralegal personnel employed full-time or part-time by counsel of record for a Party who are assigned work for this case.

    (iii) Independent (non-employee) expert witnesses or advisors retained by any Party in connection with the case.

    (iv) Officers and managerial or supervisory personnel of the Parties.

    (v) Court reporters or stenographers engaged to record deposition or hearing testimony, and their employees.

    (vi) Any person disclosed in the Parties' initial disclosures or supplemental disclosures as a potential witness or person with relevant information under Fed. R. Civ. P. 26(a)(1), so long as the Party disclosing the Confidential Information has a good faith belief that the witness may be called to testify in the case about the subject matter of the Confidential Information and the person does not retain the Confidential Information.

    (viii) Any person called to testify under oath by the Parties in this litigation, during their testimony, provided the person does not retain the Confidential Information.

5

    (ix)  Any other person (a) authorized in writing by counsel for the Designating Party to receive Confidential Information, or (b) approved by the Court upon motion of any Party.

    8.  A copy of this Confidentiality Order must be delivered to each Party and to each person within categories (ii) through (ix) of paragraph 7(c) above to whom a disclosure of Confidential Information is made, upon or before disclosure, by the Party making the disclosure or by its counsel.  All persons in categories (i) through (ix) above must acknowledge receipt of the order in writing and their understanding that any breach of the terms of the order may be punished as a contempt of court.  Notwithstanding execution of a written acknowledgment, the provisions of this Confidentiality Order are binding upon each person to whom disclosure is made.

    9.  The provisions of this Confidentiality Order may not be construed as preventing: (a) any disclosure of Confidential Information by any Party where required by law, court order, or subpoena; however, the Party must comply with ¶ 17 (below) in giving the Designating Party prompt notice of its intent to make such a disclosure in order to provide the Designating Party a reasonable opportunity to object to such disclosure; or (b) any disclosure of Confidential Information, in accordance with the provisions of this Confidentiality Order, to any judge, magistrate, or employee of this Court for purposes of these proceedings; or (c) any disclosure of Confidential Information to or by any governmental entity for the purpose of the enforcement of the civil or criminal laws.

    10.  If a Party desires to file Confidential Information with the Court and/or a pleading, motion, or other paper that discloses Confidential Information, the Party must comply with the requirements of LR IA 10-5 and first obtain an order, by stipulation or motion, from the Court permitting the filing under seal.  All Confidential Information permitted to be filed under seal will be kept under seal until further order of the Court.

    11.  Nothing in this Confidentiality Order limits the right of a Party to object to the production or disclosure of any documents or information on any ground (other than on the basis of Confidential Information) including, without limitation, that the documents or information are Privileged Matter.  The Parties further recognize the possibility of inadvertent

disclosure of Privileged Matter.  This order recognizes and approves the Parties' stipulated agreement regarding the inadvertent disclosure of Privileged Matter:

 A.  The searches and reviews conducted for the purpose of providing discovery qualify under Fed. R. Evid. 502(b)(2) as "reasonable steps to prevent disclosure" of Privileged Matter, provided the documents and information produced have been searched for the names of known attorneys and for the presence in such documents for the terms "privileged," "privilege," "attorney-client,"  "work product," and – for the United States -- "deliberative," and the Parties agree that documents and information that contain Privileged Matter or that are otherwise protected are not required to be produced;

 B.  The disclosure or production, despite the application of such searches and reviews, of any Privileged Matter or otherwise protected document or information is "inadvertent" within the meaning of Fed. R. Evid. 502(b)(l); and

 C.  After inadvertent disclosure or production of Privileged Matter, any Party following the procedures set out below will have taken "reasonable steps to rectify the error" within the meaning of Fed. R. Evid. 502(b)(3).  Accordingly, to prevent injustice from inadvertent disclosure or production of Privileged Matter, the parties agree and it is ordered that:

 (1)  If a Party has satisfied the requirements of paragraph 11(A) above but nevertheless has disclosed or produced Privileged Matter, such privilege or protection is not waived by such disclosure or production.  As established by Fed. R. Evid. 502(d) and (f), this finding of nonwaiver also applies in any other federal or state proceeding.

 (2)  A Producing Party who desires to claim that an already produced document or information constitutes Privileged Matter must provide notice ("Notice") to counsel for all Parties.  The Notice must contain information sufficient to identify: (a) the document or information by its specific identifying characteristics, such as by Bates number, and must include any other information reasonably necessary to locate the materials produced; and (b) the basis for the assertion that it contains Privileged Matter.  An initial Notice may be made orally on the record at a deposition or hearing, provided that it is confirmed via electronic mail within seven calendar days.

7

(3) After Notice, all Parties must promptly take reasonable steps to retrieve the Privileged Matter from anyone to whom a copy or disclosure has been afforded and to destroy all copies in a secure manner. A Party may challenge the assertion of privilege by motion to the Court within fourteen days of receipt of the Notice, following good faith efforts to confer and resolve the matter. As provided by Fed. R. Civ. P. 26(b)(5)(B), the Producing Party must preserve the document or information until the claim of privilege or other protection is resolved.

(4) After Notice, and unless the Parties agree in writing or the court otherwise permits, no Party may disclose or refer to the Privileged Matter, whether in writing or orally, to any person, or otherwise use the document or information in this or any other case.

12. This Confidentiality Order does not: (A) operate as an admission by any Party that any particular discovery material contains or reflects trade secrets, proprietary or commercial information, privileged information, or other confidential matter; (B) prejudice in any way the right of a Party to object to the production of documents it considers not subject to discovery; or (C) prejudice in any way the right of a Party to seek a Court determination concerning (1) whether particular discovery material should be produced, or (2) if produced, whether such material should be subject to the terms of this Confidentiality Order; or (D) prejudice in any way the right of a Party to apply to the Court for a further protective order relating to any Confidential Information.

13. A Party seeking to use Confidential Information during any hearing or trial, including through argument or the presentation of evidence, may do so only after taking steps that the Court deems necessary to preserve the confidentiality of the Confidential Information.

14. A Party may challenge the designation of any material or document as Confidential Information by using the following procedure:

A. Notice; Meet and Confer. The challenging Party must (1) notify counsel for the Designating Party in writing that explains a good faith basis for its contention that the confidentiality designation was not proper and (2) give the Designating Party an opportunity

to review the designated material, to reconsider the designation, and, if no change in designation is offered, to respond to the challenging Party in writing within five business days. If the Designating Party fails to timely respond, the challenged material will no longer be treated as Confidential Information. If the challenge remains unresolved, the Parties involved must meet and confer to attempt to resolve the dispute. If they are still unable to resolve the dispute, the challenging Party may file a motion with the Court (in compliance with ¶ 14.B., below). If no motion is filed, the challenged material will continue to be treated as Confidential Information.

   B. Judicial Intervention. A Party challenging a confidentiality designation may file and serve a motion under seal that identifies the challenged material and sets forth in detail the basis for the challenge. The motion must be accompanied by a declaration affirming that the movant has complied with ¶ 14.A., above. The Designating Party bears the burden of persuasion in opposing the motion. Until the Court rules on the challenge, all Parties must continue to treat the materials as Confidential Information.

15. All Parties, including their employees and agents, the Parties' counsel and employees and agents of counsel must take reasonable steps necessary to prevent disclosure of Confidential Information to unauthorized persons.

16. Upon conclusion of the case, a Party may request the return of all previously produced material containing "Confidential Information," including copies. Within 30 days from the receipt of such request, each person or Party to whom Confidential Information had been produced must return it, including any copies, or destroy it and certify that it has been destroyed.

17. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of another Party's Confidential Information, within three business days after receiving the subpoena or order, the Receiving Party must notify in writing the Designating Party and attach or enclose a copy of the subpoena or order. Also within three business days after receiving the subpoena or order, the Receiving Party must notify in writing the party who

caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Order, and attach or enclose a copy of this Order.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The Receiving Party must cooperate with the Designating Party in connection with seeking protection in that court of its Confidential Information, but the Designating Party bears the burden and the expense of seeking such protection.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the Receiving Party has in its possession, custody or control Confidential Information of the Designating Party. Before complying with the subpoena or order, the Receiving Party must wait a reasonable amount of time before disclosing such Confidential Information (not less than 15 days after notifying the Designating Party, unless the subpoena or order mandates compliance within a shorter time period), to permit the Designating Party to object to such compliance.

18. Unless otherwise provided above, no restrictions imposed by this Confidentiality Order may be waived, modified, dissolved, or terminated, except by written agreement executed by counsel of record for the Parties or by further order of the Court.

19. This Confidentiality Order has been entered to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Confidentiality Order, nor the designation of any information, document, or the like as Confidential Information, nor the failure to make such designation, will constitute evidence with respect to any issue in this action.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: _____

**CERTIFICATE OF SERVICE**

In compliance with the Court's Local Rule 5-1, the undersigned certifies that on February 16, 2018, a copy of the foregoing document, "Joint Motion for Entry of Order Protecting Confidential Information," was served (via the Court's CM/ECF system) upon counsel of record for defendants.

s/ John R. Kresse
John R. Kresse
Attorney for the United States
