# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

    Plaintiff,

v.

COUNTY OF CLARK, et al.,

    Defendants.

Case No. 2:17-cv-02303-MMD-BNW

**ORDER**

Presently before the Court is Defendants' motion to compel (ECF No. 82), filed on April 5, 2019. Plaintiff responded on April 19, 2019 (ECF No. 88), and Defendants replied on April 26, 2019 (ECF No. 99). The Court subsequently held a hearing on September 3, 2019 (ECF No. 123) at which the Court ordered an unredacted report be submitted for in camera review. The Court also ordered supplemental briefing (*id.*), which the parties filed. (*See* ECF Nos. 124, 125.)

This case concerns a dispute over the Bali Hai Golf Course site, property Plaintiff United States granted to Defendant Clark County via the Southern Nevada Public Land Management Act. In turn, Clark County leased this property to Nevada Links, the other Defendant in this case. The parties agree that central to this dispute is the amount for which Clark County was supposed to sell or lease the land, otherwise understood as its fair market value. (ECF 82 at 3 (Defendants' position); ECF No. 124 at 2 (Plaintiff's position).) The answer to that question determines whether, and to what extent, the Defendants are liable. The parties dispute the methodology that should be employed to retrospectively appraise the fair market value: Plaintiff argues for the applicability of "fee simple" interest while Defendants argue for "leased fee" interest. (ECF 125 at 5.)

Plaintiff hired Glen Anderson as a consulting expert prior to the filing of the complaint in the instant case. In that capacity, in 2017, he prepared a report ("2017 report"). In addition to

including an appraisal based on "fee simple" interest, that report includes an appraisal based on "leased fee" interest. In addition, the 2017 report conducts the retrospective analysis utilizing two different dates: September 6, 2011 and September 6, 2013. Once litigation was underway, Plaintiff designated Mr. Anderson as an expert witness and disclosed a report prepared in 2018 ("2018 report"). The 2018 report includes the appraisal based on "fee simple" interest but does not include the appraisal based on "leased fee" interest. In addition, the 2018 report only includes the retrospective analysis utilizing the September 6, 2011 date. The Defendants learned of the existence of the 2017 report during Mr. Anderson's deposition. While the Defendants did not learn all the details of the 2017 report, Mr. Anderson admitted that the 2017 report also concerned the fair market value of that same property.[1]

On April 5, 2019 Defendants filed a joint motion to compel the production of the 2017 report.[2] (ECF 82.) Defendants argue the 2017 report, like the 2018 report, analyzes the fair market value of the property in question. (*Id.*) They argue that based on the "dual hat" doctrine, the 2017 report is discoverable because it relates to the subject matter of the 2017 report. (*Id.*) They further argue that given the two appraisals concern the same property, at a minimum, ambiguity exists as to whether the 2017 report was unique to Mr. Anderson's role as a consulting expert. (*Id.*)

Plaintiff opposed the motion on April 19, 2019. (ECF 88.) Plaintiff argues the 2017 report is much broader than the 2018 report and includes portions that do not pertain to the subject matter on which Mr. Anderson will testify. (*Id.*) Plaintiff offered to produce the 2017 report with redactions of these other portions it considered privileged. The government declined that offer. (*Id.*)

---

[1] During his deposition, Mr. Anderson agreed that he previously appraised the subject property and that the conclusions he reached during the first appraisal would be relevant to assessing his conclusion during his second appraisal in that similar conclusions should be expected. (ECF 84, Exhibit A, at 16, 28-29.)

[2] Defendants also filed the declaration of Lindsay M. Huang in support to their motion (ECF 83) and an appendix of exhibits (ECF 84).

The sum and substance of the Defendants' reply, filed April 26, 2019, is that Plaintiff did not advance any arguments, and thus has not met its burden, to demonstrate that the 2017 report did not relate to the 2018 report.[3] (ECF 99.)

This Court held a hearing on September 3, 2019 and heard arguments from the parties. (ECF 123.) At the conclusion of the hearing, this Court ordered Plaintiff to provide the redacted 2017 report to the Defendants, as it had previously offered to do, and requested additional briefing on "dual hat" experts from all parties.

In its supplement, Plaintiff centers its argument on the notion that the information in the redacted portions of the 2017 report was generated or considered uniquely in the expert's role as a consultant, as that information does not directly relate to the opinions in the 2018 report. (ECF 124.) In addition, Plaintiff argues that the information contained in the redacted portions reveal pre-litigation mental impressions, conclusions, opinions, or legal theories of counsel. (*Id.*)

Defendants' argue in their supplemental brief that so long as the redacted portions in the 2017 report relate to the same subject matter as that in the 2018 report, they are entitled to it. (ECF 125.) They argue that different valuation methods and alternative retrospective dates for valuation purposes constitute the same subject matter. (*Id.*) In sum, they argue this is information the expert would have considered in connection with formulating an opinion for his 2018 report even if he did not ultimately rely on that information for that opinion. (*Id.*) Defendants also argue that theses redactions are not protected by the work product doctrine. (*Id.*) In this vein, they argue the rule protects only communications—not the expert's development of the opinions to be presented. (*Id.*) Lastly, Defendants argue that if the redacted portions contain information regarding leased fee interest, they should be entitled to it because Mr. Anderson criticized the defendant's expert's report (presumably on the aspect of leased fee interest) and made an alternative argument involving waiver. (*Id.*)

---

[3] Defendants also filed the declarations of Jonathan G. Hardin (ECF 100) and Anthony P. Schoenberg (ECF 101) in support to their reply.

**Analysis**

The question before this Court is whether the "dual hat" doctrine requires Plaintiff to disclose a report Mr. Anderson prepared in 2017, given he was only hired as a consulting expert at the time that report was prepared.

Two different standards govern discovery related to testifying experts and non-testifying consultants. In a typical case, a party may not discover facts or opinions from his opponent's non-testifying expert unless it is impracticable to obtain those facts or opinions by other means. Fed. R. Civ. P. 26(b)(4)(D). On the other hand, a party is entitled to information from his opponent's testifying expert. Fed. R. Civ. P. 26(a)(2)(B).

In situations where a single expert serves in both roles, most courts have held that the broader discovery for testifying experts applies to everything except "materials generated or considered *uniquely* in the expert's role as consultant." *Sara Lee Corp. v. Kraft Foods Inc.*, 273 F.R.D. 416, 419 (N.D. Ill. 2011) (emphasis in original). The term "considered" as used in Rule 26(a)(2)(B) should be construed expansively in favor of the party seeking discovery, and "the courts should order disclosure when there is at least an ambiguity as to whether the materials informed the expert's opinion." *Yeda Research & Dev. Co. v. Abbott GmbH & Co. KG*, 292 F.R.D. 97, 108-109 (D.D.C. 2013). In most instances, if the subject matter directly relates to the opinion in the expert report, there will be at least an ambiguity as to whether the materials informed the expert's opinion." *Id.* at 109 (citing *Monsanto Co. v. Aventis Cropscience, N.V.*, 214 F.R.D. 545, 547 (E.D. Mo. 2002); *see also In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*, 293 FRD 568, 575 (S.D.N.Y. June 28, 2013)( holding that even post-2010 amendments to the Fed. R. Civ. P., "documents having no relation to the expert's role as an expert need not be produced[,] but [ ] any ambiguity as to the role played by the expert when reviewing or generating documents should be resolved in favor of the party seeking discovery.") and *In re Commercial Money Ctr,. Inc., Equip. Lease Litig.*, 248 F.R.D. 532, 537 (N.D. Ohio 2008) (holding that the term "considered" includes reviewing or reading the material before or in connection with formulating the expert opinion.) The party resisting disclosure of the documents must demonstrate that "the information considered for consulting expert purposes was not also

considered pursuant to the expert's testifying function." *Bro–Tech Corp. v. Thermax, Inc.*, 2008 WL 724627, at *2 (E.D. Pa. Mar. 17, 2008).

Plaintiff argues the only subject Mr. Anderson will render an opinion on is the fair market value of the Bali Hai property in fee simple on September 6, 2011, which is the subject of the 2018 report. As a result, given Mr. Anderson will not testify to the other information contained in the 2017 report, it need not disclose it. This Court disagrees with the way Plaintiff frames the issue. The issue is not whether the 2017 report contains information that relates to Mr. Anderson's opinion in the 2018 report. Instead, the question is whether the subject matter in the 2017 report relates to the opinion in the 2018 report. The law espoused by several courts makes clear that in determining whether the redacted portions of the 2017 report should be disclosed, this Court must determine whether the subject matter of those redactions correspond to the subject matter of the 2018 report. If that is the case, as a matter of law, there will be at least be an ambiguity as to whether the redacted portions informed Mr. Anderson's opinions in the 2018 report.

Here, there is no doubt that the redactions in the 2017 report involve the same subject matter as that of the 2018 report: they both contain appraisals of the property currently occupied by the Bali Hai Golf Course. While the redactions in the 2017 report contain an alternative method for calculating appraisal value and an additional retrospective date for its calculation, the subject matter continues to be that of the fair market value of the land. Mr. Anderson made an ultimate determination, as revealed in his 2018 report, that the appraisal required the use of fee simple interest. In so doing, he necessarily considered the leased fee interest appraisal contained in his 2017 report in order to eventually reject it as the proper valuation methodology. In addition, as Defendants argue, the "highest and best use conclusion" for the 2017 report and the 2018 report differ drastically although they both utilize the September 6, 2011 valuation date.[4] These different conclusions allow for the logical inference that Mr. Anderson considered some other

---

[4] This is information Defendants obtained when Plaintiff disclosed the redacted version of the 2017 report.

data, such as that obtained when using the September 2013 valuation date, in reaching such conclusions in the 2018 report. As a result, Plaintiff cannot demonstrate that Mr. Anderson did not consider the 2017 report when preparing the 2018 report.

While the Plaintiff asserts that the information contained in the redacted portions reveal pre-litigation mental impressions, conclusions, opinions, or legal theories of counsel, it offers no argument in support of that proposition. A review of the documents in camera does not shed any additional light on that position. At best, the Court can surmise that the government requested Mr. Anderson to run these different valuations. But the documents submitted for in-camera review reveal that the actual development of these valuations are exclusively those of Mr. Anderson's. Importantly, the rules require disclosure of material of a factual nature that were considered by the expert, irrespective of their source. *See* Fed. R. Civ. P 26 Advisory Committee's Note to 2010 Amendments.

For these reasons, IT IS ORDERED that Plaintiff must disclose Mr. Anderson's 2017 report without redactions. The Court does not need to reach the remaining arguments made by Defendants. All other arguments made by Plaintiff are denied, as announced during the hearing on September 3, 2019.

IT IS FURTHER ORDERED that Defendants' motion to compel (ECF No. 82) is GRANTED.

DATED: December 23, 2019

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE